**NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, Petitioner,**

v.

**SECRETARY OF LABOR, United States Department of Labor, and Occupational Safety and Health Review Commission, Respondents.**

No. 78–1266.

United States Court of Appeals, First Circuit.

Argued Dec. 5, 1978.

Decided Dec. 29, 1978.

William J. McDonald, Boston, Mass., with whom Elizabeth B. Flaherty, William R. Blane, and C. Duane Aldrich, Boston, Mass., were on brief, for petitioner.

Nancy L. Southard, Atty., Dept. of Labor, Washington, D. C., with whom Carin A. Clauss, Sol. of Labor, Albert H. Ross, Regional Sol., Benjamin W. Mintz, Associate Sol., for Occupational Safety and Health, Allen H. Feldman, Acting Counsel for Appellate Litigation, and Dennis K. Kade, Asst. Counsel for Appellate Litigation, Washington, D. C., were on brief, for the Secretary of Labor.

Before ALDRICH and CAMPBELL, Circuit Judges, and SKINNER, District Judge.*

PER CURIAM.

One of petitioner New England Telephone and Telegraph Company's supervisors, on July 24, 1974, inspected a construction site and found that the incompleted stairs were supplied with proper temporary safety fillers. On July 25, when one of its installers was, so far as appears, obliged to use the stairs, the general contractor had removed the fillers in anticipation of placing permanent treads. Finding that the fillers had been removed sooner than need be, the Secretary charged petitioner with a nonserious safety violation under 29 C.F.R. § 1926.501(f).[1] From a decision by the Occupational Safety and Health Review Commission, Moran, Commissioner, dissenting, supporting the Secretary, *New England Tel. & Tel. Co.*, No. 9627, 1978 CCH OSHD ¶ 22,727 (1978), *reinstating* 1976–77 CCH OSHD ¶ 21,267 (1976), petitioner seeks review.

Petitioner raises a number of matters. We need reach only one. Under the Commission's decisions in *Anning-Johnson Co.*, Nos. 3694 & 4409, 1975–76 CCH OSHD ¶ 20,690 (1976) and *Grossman Steel & Aluminum Corp.*, No. 12775, 1975–76 CCH OSHD ¶ 20,691 (1976), in cases involving a

---

* Sitting by designation.

1. Promulgated pursuant to 29 U.S.C. §§ 654(a)(2) and 655(a) (1976), section 1926.-501(f) requires that

   "[p]ermanent steel or other metal stairways, and landings with hollow pan-type treads that are to be filled with concrete or other materials, when used during construction, shall be filled to the level of the nosing with solid material. The requirement shall not apply during the period of actual construction of the stairways themselves."

multi-employer worksite a subcontractor, such as petitioner,[2] may defend against a safety violation charge arising from a hazard it neither created nor controlled by showing (1) that it lacked the expertise or ability to detect the hazard, or (2) that it had taken reasonable steps to protect its employees therefrom, viz., that it was without fault. Although petitioner sought to raise this defense, the Review Commission responded, without discussion, that the "record . . . lacks evidence." The Secretary now contends that petitioner could be found liable for not anticipating that the general contractor might remove the fillers prematurely and should have made an agreement with it. Passing the fact that the Commission made no such, or any other finding, this is a burden of care we consider so unrealistic as to be unreasonable as a matter of law. If it is apparent from his having done so that a general contractor knows enough to install proper devices, we see no duty on a subcontractor to make an agreement with him, or, absent some affirmative reason for doubt, assume that he will improperly discontinue. If a passageway is properly lighted, a subcontractor does not have to stand around and see that the bulb does not burn out.

On the undisputed evidence petitioner's supervisor inspected the worksite the day prior to the citation and found nothing amiss, nor anything that would create a reasonable apprehension that a hazard would develop. On this evidence we hold, as a matter of law, that petitioner has established an *Anning-Johnson, Grossman* defense.

*The order of the Commission is reversed, and the citation vacated.*

---

**2.** We do not pass upon petitioner's claim that it was not involved in "construction work," and therefore not liable in any event.